The record is before us without a statement of facts or bill of exceptions, nor does the record contain a motion for new trial.

The judgment is affirmed.

---

## LAWSON v. STATE. ·(No. ·3681.)

(Court of Criminal Appeals of Texas. Oct. 13, 1915.)

CRIMINAL LAW ☞1090—RECORD ON APPEAL —NEW TRIAL.

Where the record on appeal contains neither statement of facts nor bills of exceptions, but there is a motion for a new trial based upon erroneous ruling on facts and evidence, no question is presented which can be reviewed by the court, since a statement of the evidence is necessary for ruling on the motion.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. ☞1090.]

Appeal from District Court, Shelby County; W. C. Buford, Judge.

Mrs. S. E. Lawson was convicted of violating the local option law, and she appeals. Affirmed.

See, also, 179 S. W. 557.

C. C. McDonald, Asst. Atty. Gen., for the State.

DAVIDSON, J. Appellant was convicted of violating the local option law; her punishment being assessed at one year's confinement in the penitentiary.

This record is before us without a statement of facts or bill of exceptions. There are two grounds set up in the motion for new trial why the judgment is ·erroneous: First, that the court erred in refusing defendant's motion to return a verdict of not guilty for the want of sufficient evidence, because it is shown that the prosecuting witness, Payne, was drunk at the time of the transaction charged against appellant, and to such an extent that his mind was incapable of stating sufficient facts connectedly that show a sale, and the other evidence showed there was in law no sale of intoxicating liquors by defendant to Payne. Second ground of the motion is that the verdict is not sustained by the evidence and is contrary to the law. In the absence of the evidence, we are unable to revise these two grounds.

As the matter is presented, the judgment will be affirmed.

---

## LAWSON v. STATE. (No. 3680.)

(Court of Criminal Appeals of Texas. Oct. 13, 1915.)

Appeal from District Court, Shelby County; W. C. Buford, Judge.

Mrs. S. E.· Lawson was convicted of selling liquor in prohibition territory, and she appeals. Affirmed.

See, also, 179 S. W. ·557.

C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. The indictment charges appellant with selling liquor in prohibition territory. When tried, she was adjudged guilty. As the record contains neither a statement of facts nor any bill of exceptions, the judgment is affirmed.

---

## LAWSON v. STATE. (No. 3682.)

(Court of Criminal Appeals of Texas. Oct. 13, 1915.)

Appeal from District Court, Shelby County; W. C. Buford, Judge.

Mrs. S. E. Lawson was convicted for unlawfully selling intoxicating liquor in prohibition territory, and she appeals. Affirmed.

See, also, ·179 S. W. 557.

C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Mrs. Lawson appeals from a conviction for unlawfully selling intoxicating liquor in prohibition territory, wherein her punishment was assessed at the lowest prescribed by law.

There is no statement of facts or bill of exceptions in the record, and no question is raised which can be considered in the absence of these.

The judgment is therefore affirmed.

---

## DIETER v. STATE. (No. 3692.)

(Court of Criminal Appeals of Texas. Oct. 13, 1915.)

1. ASSAULT AND BATTERY ☞97—VERDICT—SPECIFYING DEGREE OF OFFENSE.

Where on a trial for assault the court submitted both aggravated and simple assault, and the jury imposed a fine of $25, which would be the maximum for simple assault, and the minimum for aggravated assault, they ·should have specified in the verdict the degree of which accused was convicted.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. § 151; Dec. Dig. ☞97.]

2. CRIMINAL LAW ☞622—SEPARATE TRIAL OF CODEFENDANTS—RIGHT TO SEVERANCE.

Where an application by a person charged with assault for a severance in order that an important witness for defendant, who was separately charged with the same offense, might be first tried, was in accordance with the law, it should have been granted, and its denial was reversible error, as the court had no authority to decide in advance whether the jury would acquit such witness.

[Ed.· Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1380–1383, 1385, 1386, 1388–1390; Dec. Dig. ☞622.]

3. CRIMINAL LAW ☞419, 420—EVIDENCE — PROVOCATION—HEARSAY.

On a trial for assault it was error to exclude defendant's testimony that he assaulted the prosecuting witness because he was informed by his wife and others that the prosecuting witness had committed ⸺rape on her, it appearing that the wife told him about this only a few days before the trouble arose, and that the trouble arose at the first meeting after defendant learned of the rape, as insulting conduct towards a female relative can be shown by this character of testimony, and the rule of hearsay does not apply, especially as the statute itself provides in regard to such conduct that a killing must occur at the time of the happening of such conduct if defendant is present or as soon as he meets